

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIE BROWN, ) | |
| Plaintiff, ) | |
| v. ) | Case No. 02 C 3165 |
| COUNTY OF WILL, et al., ) | Hon. Mark Filip |
| Defendants. ) | |

### MEMORANDUM OPINION AND ORDER

*Pro se* plaintiff Willie Brown ("Brown") filed suit against the County of Will (also, "Will County"), the land surveying company of Ruettiger, Tonelli, & Associates, Inc. ("Ruettiger"), and First American Title Insurance Company ("First American"), a property mortgage corporation, apparently relating to his attempt to sell a portion of property he owned located at 908 Vine Street in Joliet, Illinois. (D.E. 1.) Brown has alleged that Defendants improperly measured and recorded the dimensions of Plaintiff's property. (*Id.* ¶ 17.) Further, Brown asserts that Defendants' alleged mistakes, which amounted to "contributory [n]egligence," were the result of "racial animus," thus violating 42 U.S.C. § 1982 ("Section 1982"). (*Id.* ¶ 19.) Before the Court are Defendants' respective Motions to Dismiss. (D.E. 14, 16, 18.)[1] As explained below, Defendants' motions are denied.

---

[1] The various docket entries in the case are cited as "D.E. ___."

I.  BACKGROUND[2]

In 1992, Willie Brown became the owner of 908 Vine Street in Joliet, Illinois. (D.E. 1 ¶ 9.) From the time he purchased the property until the time he sold it, Brown paid annual property taxes to the County of Will. (*Id.* ¶ 10.) In July 1999, Brown placed 908 Vine Street up for sale for $99,500.00. (*Id.* ¶ 11.) Plaintiff did so through Century 21 Realty. (*Id.*) For reasons not made clear in the complaint, in early February 2000, the sale of 908 Vine Street was "indefinitely postponed due to the prospective purchasers's request to conduct investigation [sic] into discrepancy [sic] in the measurement of the 908 Vine Street . . . [property] line." (*Id.* ¶ 12.) As best the Court can discern, issues apparently arose that related to Ruettiger's performance of a Plat Survey which allegedly contained improper measurements, Will County's later recording of that survey (with improper measurements), and First American's "acceptance" of the erroneous measurements. (*Id.* ¶17.)[3] On approximately May 10, 2000, Brown sold the property. (*Id.*) According to the Complaint, the improper measurement, recording, and acceptance caused Plaintiff to suffer a loss of $48,000. (*Id.*)

Apparently (although the Court is unable to discern exactly when), in the first quarter of 2000 Plaintiff requested certain documents to clarify the discrepancy, including a survey and a land diagram. Plaintiff alleges that Defendants engaged in "excessive delay and obstruction tactics . . . and shuffled Plaintiff Brown back and forth," not releasing the requested documents

---

[2] The background facts are taken from Plaintiff's Complaint (D.E. 1 or "Compl.") and are assumed to be true, as precedent requires, for present purposes. The Court takes no position concerning whether any of the allegations are actually well founded.

[3] The paragraphs of Plaintiff's Complaint are misnumbered, as paragraph 15 is missing. In any event, the Court utilizes the numbers given to the respective paragraphs and not on the actual distance of each paragraph from the beginning of the Complaint.

2

until late April or early May. (D.E. 31 at 7.) When Plaintiff received and had an opportunity to review these documents, however, during the first week of May 2000, he discovered the full scope of Defendants' improper measurements, which he claims "deprived [Plaintiff] of his right to hold and convey the entire land mass of the property." (D.E. ¶ 20.) Plaintiff further contends that these allegedly erroneous measurements "raise a plausible inference that the [D]efendants . . . were motivated by racial animus." (*Id.* ¶ 19.) Plaintiff contends that Defendants' miscalculation of his property measurement "ha[s] never [been] done to any white citizen property owner similarly situated to [Brown].'" (*Id.*)

On May 3, 2002, Plaintiff filed his complaint against Defendants, alleging that Defendants' conduct had violated his civil rights, pursuant to 42 U.S.C. § 1982. Ruettiger (D.E. 14), Will County (D.E. 16), and First American (D.E. 18) all moved for dismissal of Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). In sum, the arguments offered in favor of the motion amount to allegations that Plaintiff's complaint (1) did not adequately plead that Defendants intended to discriminate against Plaintiff, and (2) is barred by the statute of limitations. The Court respectfully disagrees with both of Defendants' assertions, at least for purposes of a motion to dismiss analysis.

II.  Sufficiency of Complaint

A Rule 12(b)(6) motion to dismiss challenges the sufficiency of the complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *accord Johnson v. Rivera*, 272 F.3d 519, 520-21 (7th Cir. 2001). In ruling on the motion, the Court accepts all well-pleaded facts alleged in the complaint as true and accords the plaintiff every reasonable inference from those facts. *See McLeod v. Arrow Marine Transp., Inc.*, 258 F.3d 608, 614 (7th Cir. 2001).

3

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *accord Lee v. City of Chicago*, 330 F.3d 456, 459 (7th Cir. 2003). As long as Plaintiff "asserts some facts which either directly or circumstantially support a finding" in his favor, Plaintiff can avoid dismissal. *Stein v. Forest Preserve Dist. of Cook County*, 829 F. Supp. 251, 258 (N.D. Ill. 1993). In other words, a pleading "need contain only enough to allow the defendant to understand the gravamen of the plaintiff's complaint." *Scott v. City of Chicago*, 195 F.3d 950, 951 (7th Cir.1999).

Section 1982 provides that "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property. 42 U.S.C. § 1982 (2005). Therefore, "to bring an action under § 1982, a plaintiff must allege with specificity facts sufficient to show or raise a plausible inference of (1) the defendant's racial animus; (2) intentional discrimination; and (3) that the defendant deprived plaintiff of his rights because of race." *Brown v. Philip Morris, Inc.*, 250 F.3d 789, 797 (3d Cir. 2001) (internal quotation marks and citation omitted).

The notice pleading standard applied in federal court imposes a low threshold for a complaint to pass at the motion to dismiss stage. Although Plaintiff's complaint is not a model of clarity or specificity, Plaintiff's complaint has made Defendants aware of the nature of the allegations against them; it provides enough for Defendants "to understand the gravamen of the plaintiff's complaint." *See Scott*, 195 F.3d at 951. Specifically, Plaintiff details each Defendant's purported involvement (in terms of measuring, recording or accepting incorrectly) in Defendant's injury. Plaintiff also alleges that the facts were the result of racial animus and makes an allusion

4

to disparate treatment. Consequently, Defendants' motion to dismiss for failure sufficiently to aver intentional discrimination is denied. *See Brownlee v. Connie*, 957 F.2d 353, 354 (7th Cir. 1992) ("All the complaint need do to withstand a motion to dismiss for failure to state a claim is outline or adumbrate a violation of the statute or constitutional provision upon which the plaintiff relies and connect the violation to the named defendants.") (internal quotations and citations omitted).

III. Statute of Limitations

The statute of limitations for a violation of 42 U.S.C. § 1982 is two years. *See Smith v. City of Chicago Heights*, 951 F.2d 834, 836-37 n.1 (7th Cir. 1992); *Honorable v. The Easy Life Real Estate Sys.*, 182 F.R.D. 553, 563 (N.D. Ill. 1998). This means that a Section 1982 action must be brought no later than two years from when the plaintiffs "knew or should have known of actionable discriminatory acts." *Honorable*, 192 F.R.D. at 563; *see also Burkes v. McDonald's Corp.*, No. 96 C 7093, 1997 WL 28300, at *4 (N.D. Ill. Jan. 21, 1997). In the context of discrimination, however, a plaintiff may "get relief for a time-barred act by linking it with an act that is within the limitations period," since "the discriminatory nature of an act may only become apparent in light of subsequent events." *Honorable*, 182 F.R.D. at 564.

Failure of a plaintiff to comply with a statute of limitations is ordinarily an affirmative defense that must be pleaded and proved by the defendants under Federal Rule of Civil Procedure 8(c). *See Perry v. Sullivan*, 207 F.3d 379, 382 (7th Cir. 2000); *Robinson v. Sappington*, 351 F.3d 317, 332 (7th Cir. 2003) ("Federal Rule of Civil Procedure 8(c) requires a defendant to plead a statute of limitations defense and any other affirmative defense in its answer to the complaint."). However, a district court may dismiss under Rule 12(b)(6) a claim that is

indisputably time-barred. *See Barry Aviation Inc. v. Land O'Lakes Municipal Airport Comm'n*, 377 F.3d 682, 688 (7th Cir. 2004) ("The statute of limitations issue may be resolved definitively on the face of the complaint when the plaintiff pleads too much and admits definitively that the applicable limitations period has expired.")

Defendants maintain that Plaintiff's complaint, filed on May 3, 2002, exceeded the two-year statute of limitations. (D.E. 16 at 5-6; D.E. 32 at 2.) Defendants allege that Plaintiff was put on notice of his injury—and hence the statute of limitations began to run—on February 10, 2000, when Plaintiff learned that the sale of 908 Vine Street was postponed because of the prospective purchaser's desire to investigate discrepancies in the measurement of the property. (D.E. 16 at 6.) Presumably, Defendants assume that learning of the delay necessarily meant that an injury occurred in the form of suffering economic loss on the sale of the property. If this is correct, then Plaintiff's complaint would have been filed two years and three months after his cause of action accrued—almost three months after the statute of limitations ran.

Plaintiff contends that he did not learn of the injury until early May 2000 (D.E. ¶ 17) due to Defendants' "excessive delay and obstructing tactics" (D.E. 31 at 7) concerning the release of certain, presumably significant documents in their possession that Plaintiff needed to "fully discover [] the facts of defendants' injurious acts" (*id.* at 8). Therefore, Plaintiff maintains that the statute of limitations began running "during the middle part of the first week of May 2000," and thus, he filed his complaint in a timely manner.

The case's procedural posture, and the burden on Defendants to demonstrate conclusively that the complaint was untimely, lead this Court to respectfully reject Defendants' statute of limitations argument. In this regard, Plaintiff alleges that given the series of delays in procuring

documents, he did not "fully discover[] the facts of the defendants' injurious acts, which resulted in Plaintiff Brown conceding to the settlement of the sale" of his property, until "the middle part of the first week of May 2000," which might render May 3, 2002, the date Plaintiff filed his complaint, within the statute of limitations. (D.E. 31 at 8.) The Court need not and does not make a finding as to the exact time at which the statute of limitations began to run; in a statute of limitations argument at the motion to dismiss stage, Defendants must clearly show an action is time-barred, which they have not done. Furthermore, because of the remaining questions of fact pertaining to the actual date Plaintiff received notice of his injury, the Court cannot conclude that the case is "indisputably time barred" as a matter of law.

Taking Plaintiff's averments in a light most favorable to him, it appears he may have satisfied the statute of limitations. At the least, the Court cannot definitively say at this point when the injury occurred. The Court cannot conclude, at least at this juncture, that the statute of limitations bars plaintiff's claim.

## CONCLUSION

For the reasons stated above, Defendants' Motions to Dismiss Plaintiff's Complaint (D.E. 14, 16, 18) are denied.

So ordered.

_____
Mark Filip
United States District Judge
Northern District of Illinois

Dated: May 9, 2005